**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

**101 PARK AVENUE**

**NEW YORK, NY 10178**

(212) 808-7800

FACSIMILE
(212) 808-7897
www.kelleydrye.com

MARK A. KONKEL
DIRECT LINE: (212) 808-7959
EMAIL: mkonkel@kelleydrye.com

March 29, 2019

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

      Re:    **Sealock v. Covance, Inc.**
              **Case No.: 17-cv-5857 (S.D.N.Y Aug. 3, 2017)**

Dear Judge Furman:

      We represent defendant Covance, Inc. ("Covance" or "Defendant"). We write to request that the Court exclude nine (9) opt-ins who have submitted their consent forms well past the March 15, 2019 deadline. Although a late opt-in may be excused on a showing of good cause, these opt-ins have failed to show *any* cause. That failure ignores an established deadline without excuse and complicates the parties' mediation efforts as opt-ins continue to trickle in, making fixed damages calculations impossible.

      Counsel for Plaintiff sent collective action notices January 15, 2019, triggering a sixty-day opt-in period. That period closed on March 15, 2019. As of this morning, nine[1] (9) putative collective-action members, or *as much as 10%* of the current opt-in class, have filed late consent filings, with no sign of stopping. A request to excuse a late opt-in—which, we note, has not even been made here—*requires* the submission of proof, such as "evidence substantiating each Late

---

[1] Nicholas Richard Lichorobier's consent filing was postmarked March 16, 2019, and filed on March 21, 2019 [Docket No. 240]; Laura Watt's consent filing was postmarked March 16, 2019, and filed on March 20, 2019 [Docket No. 241]; Plaintiff's counsel sent the Clerk Patricia Carlough's consent filing, which was received on March 19, 2019, and filed on March 20, 2019 [Docket No. 238]; Chrystal Miller's consent filing was postmarked on March 18, 2019, and filed on March 22, 2019 [Docket No. 242]; Rong Guo's consent filing was postmarked March 18, 2019, and filed on March 22, 2019 [Docket No. 243]; Sylvia Gonzalez's consent filing was postmarked on March 18, 2019, and filed on March 22, 2019 [Docket No. 244]; Veena Rathakrishnan's consent filing has no visible postmark but was filed on March 21, 2019 [Docket No. 245]; Crystal Owens's consent filing was postmarked March 18, 2019, and filed on March 25, 2019 [Docket No. 246]; and Tamara Williams' consent filing was postmarked on or after March 20, 2019, and was filed on March 27, 2019 [Docket No. 249].

Hon. Jesse M. Furman, U.S.D.J.
March 29, 2019
Page 2

Opt-in's excuse for his or her late filing, [or] declarations from the Late Opt-ins specifying when they received notice and the particular circumstances that prevented them from responding in time." *Flood v. Carlson Rests. Inc.*, 2016 U.S. Dist. LEXIS 75393, at *27 (S.D.N.Y. June 7, 2016) (once a late opt-in sets forth some explanation to the court to excuse his or her late filing, the court can then consider factors such as "(1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA.") (citing *Benavidez v. Piramides Mayas, Inc.*, 2013 U.S. Dist. LEXIS 55, at *10 (S.D.N.Y April, 15 2013)). The bare argument that judicial economy will be served by allowing late opt-ins, without an adequate showing of good cause, is not a sufficient basis to grant leave. *Id.*; *see also Morangelli v. Chemed.*, 275 F.R.D. 99, 122 (E.D.N.Y. 2011) ([N]ot requiring good cause at all would make a court-imposed deadline prior to a decertification motion meaningless").

In sum: while a late filing "may" be acceptable if good cause is shown, late filing cannot be acceptable if *no* attempt to show *any* cause is even made—else the deadline means little or nothing, as this Court noted in *Flood*. Nor is the burden on Defendant to explain that no good cause exists, which would similarly turn the rule on its head.

We note that these unwarranted late submissions are particularly difficult given that this case is scheduled for mediation on May 31. As the Court knows, successful mediation of a wage-and-hour case is a numbers game, and with as much as 10% of a putative class dribbling in on a nearly daily basis after the deadline, damages calculations become a moving target. Intentionally or not, the principal effect of the late submissions is to inflate settlement numbers without justification, and they should be excluded due to the need for finality.

Accordingly, Covance respectfully requests that the Court exclude these putative members from joining the collective due to their failure to establish any cause for their late submission.

> Respectfully submitted,
>
> KELLEY DRYE & WARREN LLP
>
> */s/ Mark A. Konkel*

cc:  Jeffrey R. Maguire, Esq. (via ECF)
     Patrick Keegan, Esq. (via ECF)
     Robert I. Steiner, Esq. (via ECF)