UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN SEALOCK, on behalf of himself, individually, and on behalf of all others similarly-situated,

         Plaintiff,

 - against -

COVANCE, INC.,

         Defendant.

Civil Action No. 17-cv-5857 (JMF)

**DECLARATION OF JEFFREY R. MAGUIRE, ESQ. IN SUPPORT OF PLAINTIFFS' CONSENT MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, SERVICE AWARD, AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND THE ENTRY OF FINAL JUDGMENT**

I, JEFFREY R. MAGUIRE, ESQ., declare pursuant to 28 U.S.C. § 1746 as follows:

  1. I am senior counsel at the law firm Borrelli & Associates, P.L.L.C. ("Firm" or "B&A" or "Class Counsel"), attorneys for the previously certified settlement classes, as well as for the named-Plaintiff John Sealock and the 128 Opt-in Plaintiffs (together as "FLSA Plaintiffs"), as well as the certified Rule 23 New York settlement class ("Rule 23 Plaintiffs," and referred to collectively with FLSA Plaintiffs, where appropriate, as "Plaintiffs" or "Class Members"), in the above-captioned matter. I submit this Declaration in support of Plaintiffs' Consent Motion for Final Approval of Class and Collective Action Settlement, Service Award, an Award of Attorneys' Fees and Expenses, and the Entry of Final Judgment.

  2. For a complete recount of the background, settlement analysis, settlement terms, and settlement procedure, I respectfully refer the Court to the Maguire Declaration filed on September 18, 2019, in support of Plaintiffs' Omnibus Consent Motion for Approval of the FLSA Settlement, Preliminary Approval of the New York Class Action Settlement, Certification of a

1

Rule 23 Settlement Class, Appointment of Named Plaintiff as Class Representative, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Proposed Notice of Settlement and Class Action Settlement Procedure ("Preliminary Approval Motion"). *See* Dkt. No. 274, ¶¶ 2-25. A true and correct copy of the settlement agreement is attached hereto as **Exhibit A** (hereinafter "the Agreement").

## CLASS ACTION PROCEDURE

3. On October 8, 2019, the Court entered an order deferring judgment on Plaintiffs' Omnibus Consent Motion approving the FLSA Settlement, and granting preliminary approval of the New York class action settlement, certification of a Rule 23 settlement class, appointment of named-Plaintiff as class representative, appointment of named-Plaintiff's counsel as class counsel, and approval of the proposed notice of settlement and class action settlement procedure (hereinafter "Preliminary Approval Order").

4. In the Preliminary Approval Order, the Court certified, for settlement purposes only, the following two partially overlapping Rule 23 Settlement classes under Rule 23(a) and (b)(3), defined respectively as:

   a. all individuals who worked as CRAs in New York at any time between August 3, 2011, through the date of entry of the Preliminary Approval Order; and

   b. all individuals who worked as CRAs in New York at any time between August 3, 2014, through the date of entry of the Preliminary Approval Order and participate in the Rule 23 Settlement by not requesting to exclude themselves and cashing a settlement check.

5. The Court additionally approved the parties' proposed Notice of Class Action Settlement ("Rule 23 Notice") as revised by the Court's instruction to include language that a recipient's immigration status does not affect the recipient's entitlement to recover under the settlement, and additionally approved the Parties' proposed Notice of Collective Action Settlement

("Section 216(b) Notice," and together with the Rule 23 Notice as "the Notices") subject to the same revision.

6. The Court appointed Arden Claims Service, LLC ("Arden") as claims administrator, to be responsible for communicating with Class Members, disseminating the Notices, accepting and maintaining documents sent by Class Members, including Opt-out Statements and other documents relating to claims administration, and administering claims for allocation, according to the formula set forth in the Agreement and its attachments.

7. The Order additionally required Arden to send the Notices to Class Members by no later than November 7, 2019, with any opt-out statements or objections to be received by on or before January 9, 2020.

8. The Court's Order also scheduled a briefing schedule for this motion and a fairness hearing for March 12, 2020, at 3:30 p.m.

## SETTLEMENT BREAKDOWN

9. The Net Settlement Amount from which payments would/will be made to the 170 participating Class Members, subject to Court approval, is determined as follows:

| **Gross Settlement Fund:** | **$250,000.00** |
|---|---|
| Less Attorneys' Fees and Costs (Requested) | - $100,586.86 |
| Less Plaintiff's Service Award (Requested) | - $10,000.00 |
| Less Arden's Fees and Costs | - $20,000.00 |
| **NET SETTLEMENT AMOUNT** | **$119,413.14** |

10. As provided in Plaintiffs' Preliminary Approval Motion, for all Class Members' workweeks not subject to the HCE exemption, Class Counsel, with help from Employment Research Corporation, determined that the FLSA Plaintiffs' maximum damage calculations for

actual unpaid overtime totaled $156,081.26, while damage calculations for actual unpaid overtime for all Rule 23 Plaintiffs totaled $57,033.64. The combined total is therefore $213,114.90.

11. The parties agreed to settle the matter at an amount in excess of the damages calculated for the actual overtime damages owed to the non-HCE Class Members. Based on the $200.00 award to each HCE Class Member, the total amount attributed to HCE Class Members is thus $13,800.00 (69 x 200). The parties additionally discussed litigation expenses at the mediation, and based upon these numbers, ultimately agreed to a gross settlement fund based upon the numbers above.

12. As also explained in Plaintiffs' Preliminary Approval Motion, based upon the above calculations, Plaintiffs apportioned the two settlement tranches to be $183,095.20 for the FLSA Plaintiffs, and $66,904.80 for the Rule 23 Plaintiffs, based on the percentage of damages in relation to the total settlement. Importantly, these numbers were explained in the FLSA and Rule 23 Notices.

13. The FLSA Notice explained the breakdown for the FLSA Settlement to be as follows:

| **Gross Settlement Fund:** | **$183,095.20** |
|---|---|
| Less Attorneys' Fees (Requested) | - $61,031.49 |
| Less Attorneys' Litigation Expenses (Requested) | - $12,636.40 |
| Less Plaintiff's Service Award (Requested) | - $7,323.80 |
| Less Arden's Fees and Costs (Requested) | - $14,467.62 |
| Less HCE Employee Awards | - $11,000.00 |
| **NET SETTLEMENT AMOUNT** | **$76,455.88** |

14. Based on Defendant's final accounting, two additional FLSA Plaintiffs qualified as HCE employees and therefore the total amount in HCE employee awards for the FLSA Plaintiffs is $11,400.00. The net settlement amount to the 127 participating FLSA Plaintiffs is therefore $76,055.88, should the Court approve the class settlement.

15. The Rule 23 Notice explained the breakdown for the Rule 23 Settlement to be as follows:

| **Gross Settlement Fund:** | $66,904.80 |
|---|---|
| Less Attorneys' Fees (Requested) | - $22,301.51 |
| Less Attorneys' Litigation Expenses (Requested) | - $4,617.46 |
| Less Plaintiff's Service Award (Requested) | - $2,676.19 |
| Less Arden's Fees and Costs (Requested) | - $5,323.80 |
| Less HCE Employee Awards | - $2,400.00 |
| **NET SETTLEMENT AMOUNT** | **$29,557.25** |

16. The net settlement amount to the forty-three participating Rule 23 Plaintiffs is therefore $29,557.25, should the Court approve the class settlement.

### PLAINTIFFS' COUNSELS' QUALIFICATIONS, TIME, AND EXPENSES

17. Borrelli & Associates, P.L.L.C. ("B&A," or "the Firm") seeks an award of reasonable attorneys' fees and costs for its time and out-of-pocket expenses that it expended prosecuting this action, as well as for the time and out-of-pocket expenses for its co-counsel Keegan & Baker, LLP ("K&B"). K&B submits a separate declaration contemporaneously with this motion. Throughout this litigation, we maintained contemporaneous computerized time records for this matter as we do with all Firm matters.

18. Every attorney and paralegal who worked on this case has kept contemporaneous time records of his/her time spent. The contemporaneous detailed time records associated with this matter, organized by attorney and paralegal, are attached hereto as **Exhibit B**. When calculated pursuant to the lodestar, Class Counsel's attorneys' fees are $160,440.25 as of February 11, 2020.

19. Attached hereto as **Exhibit C** is a statement of costs in this matter, which Michael J. Borrelli, the Firm's managing partner, maintains in the normal course of business on all B&A cases, detailing out-of-pocket costs and office charges incurred in this matter. The Firm's expenses in this matter are $17,253.86. This includes costs for the filing fee, service, mailing of the first round of collective action notices, the first mediation, including travel expenses to California for it, mailing of the second round of collective action notices, local travel, professional damage calculations that Employment Research Corporation performed, the second mediation, Westlaw research, postage, and PACER fees.

## QUALIFICATIONS OF THE FIRM AND MICHAEL J. BORRELLI

20. B&A has prosecuted over 1,000 cases in federal and state court, the overwhelming majority of which are on behalf of employees in either wage-and-hour or employment discrimination-type cases. *Vivaldo v. United Talmudical Acad. of Kiryas Joel, Inc., et al*, 2015 WL 4922961, at *5 (S.D.N.Y. June 18, 2015), *report and recommendation adopted,* 2015 WL 10793126 (S.D.N.Y. Sept. 17, 2015) (noting that B&A has experience "prosecut[ing] over one thousand cases in state and federal court, the large majority of which are employment actions"). It has recently been appointed as class counsel in the following matters: *Fitzpatrick v. Parkchester Dep't of Public Safety LLC*, 18-cv-211-JGK, Dkt. No. 47 (S.D.N.Y. Jan. 28, 2020); *McQuaid v. Capital Stack, LLC*, No.18-cv-9230-ALC, Dkt. No. 49 (S.D.N.Y. Nov. 14, 2019); *Crispi v. Mercy*

*Drive, Inc.*, 23089/2018, Dkt. No. 36 (Sup. Ct. Bronx Cnty., Sept. 27, 2019); *Mosaid v. Sardi's Enters. Ltd.*, No. 160653/2019, Dkt. No. 16 (Sup. Ct. N.Y. Cnty. Apr. 29, 2019); *Espinal v. Victor's Café 52nd Street, Inc., et al.*, No. 16-cv-8057-VEC (S.D.N.Y. Mar. 25, 2019); *Callaham v. MTC Limousine & Corporate Coach, Inc.*, No. 63099/2017, Doc. No. 35 (Sup. Ct., Westchester Cnty., Dec. 17, 2018); *Vazquez v. Tibana Finishing, Inc.*, No. 17-cv-1907 (PK), Dkt. 42 (E.D.N.Y. Sept. 13, 2018); *Gittens v. 7-Eleven, Inc.*, 17-cv-06378-SJF-AKT, ECF # 29 (E.D.N.Y. July 31, 2018); *Callaham v. MTC Limousine & Corp. Coach, Inc.*, No. 63099/2017, Dkt. 21 (Sup. Ct. Westchester Cnty. June 28, 2018); *Jones v. Strategic Financial Solutions, L.L.C.*, 16-cv-04617-SN, ECF # 92 (S.D.N.Y. June 13, 2018); *Jordan v. MV Transp., Inc.,* No. 513422/2016, Dkt. 16, (Sup. Ct. Kings Cnty. Mar. 14, 2018); *Davis v. Uptown Commuc'ns & Elec., Inc.*, 16-cv-3990-LB, ECF # 105 (E.D.N.Y. Nov. 15, 2017); *Marin v. Apple-Metro, Inc.*, 2017 WL 4950009 (E.D.N.Y. Oct. 4, 2017); *Russo v. Armonk Limousine Car Service, Inc.*, 15-cv-9789-CS, ECF # 65 (S.D.N.Y. July 28, 2017); *Copper v. Calvary Staffing, LLC*, 14-cv-3676-FB-RLM, ECF # 252 (E.D.N.Y. Sept. 8, 2017); *Saravia v. Check-Mate Indust., Inc.*, Index No. 06413/2014, NYSCEF # 45 (Sup. Ct. Suffolk Cnty. July 19, 2017); *Vivaldo*, 2015 WL 4922961, at *5; *Guido v. Ambassador Pers. Servs. & Flowers Foods, Inc.*, No. 14 Civ. 5004, ECF # 5 (E.D.N.Y. Apr. 10, 2015); *Rosario v. Valentine Ave. Discount Store*, 2013 WL 2395288, at *10 (E.D.N.Y. May 31, 2013).  The Firm has represented and currently represents FLSA collectives and NYLL classes, both large and small, in hundreds of cases.

21. Michael J. Borrelli, Esq. is the founding and managing member of B&A.  As a member of the bar of the State of New York, he has practiced law for over almost nineteen years with a primary focus on the litigation of labor and employment law cases.  He is also admitted to

7

practice before the United States Court of Appeals for the Second Circuit, as well as the United States District Courts for the Eastern, Southern and Northern Districts of New York.

22. Mr. Borrelli received an undergraduate degree in communications from Hofstra University in 1997.

23. In 2001, Mr. Borrelli received the degree of Juris Doctor from St. John's University School of law.

24. Prior to founding B&A, Mr. Borrelli practiced law as an associate at: Davis & Hersh in Hauppauge, New York; Guercio & Guercio in Farmingdale, New York; and as General Labor Counsel for Flushing Manor Geriatric, Inc., three nursing home facilities employing approximately 1,000 workers in New York.

25. In March 2006, Mr. Borrelli incorporated B&A, which in approximately fourteen years has grown into its current state with two partners, eleven associates, and a total staff of approximately thirty employees. The Firm has two offices, one in Garden City and the other in Manhattan.

26. At any given time the Firm maintains a caseload of between 200 and 300 active cases with approximately 100 cases in present litigation.

27. The large majority of the Firm's clients are plaintiff-employees. Most of them cannot afford to pay any fees to retain our services and for those clients we handle their cases on a full contingency. Some clients can afford a minimal fee for our Firm to handle their cases and for those clients we take their cases on a mixed contingency arrangement. While many clients pay our hourly rates, many other clients compensate us based upon a percentage of any judgment or settlement and/or through settlements, awards, or fees garnered under fee-shifting statutes such as the FLSA and the NYLL. This matter was also taken on a full contingency basis.

28. The current hourly rate regularly charged for Mr. Borrelli's services and paid by our clients is $500.00.

29. The hourly rate used to calculate the lodestar for Mr. Borrelli in this matter is $400.00.

### QUALIFICATIONS OF ALEXANDER T. COLEMAN

30. Alexander T. Coleman is a partner at B&A who has practiced at the Firm since January 2010. He is admitted to practice law and is a member of the bar in the State of New York and Commonwealth of Virginia, as well as the United States Court of Appeals for the Second Circuit and the United States District Courts for the Southern and Eastern Districts of New York. Mr. Coleman received an undergraduate degree in communications from the University of Wisconsin-Madison in 2002 and in 2008, he earned the degree of Juris Doctor, *summa cum laude*, from American University, Washington College of Law, where he graduated 7th overall in his class of 402 students.

31. After graduation, Mr. Coleman completed a one-year clerkship as the Law Clerk to the Honorable Jane Marum Roush of the Fairfax County Circuit Court in Fairfax, Virginia, the trial court of general jurisdiction in Virginia. After completing his clerkship in August 2009, he returned home to New York and began working at B&A in January 2010. Since that time, Mr. Coleman has appeared extensively in the federal and state courts to which he is admitted (other than the Virginia state courts, where his bar membership is currently "inactive").

32. From 2010 through 2013, Mr. Coleman handled and managed a complex caseload ranging from thirty-to-forty cases at any given time, with more than half of his cases litigated in either federal or state court. All but a tiny handful of his cases were in the field of wage-and-hour law or employment discrimination. For all of his cases, Mr. Coleman is responsible for completing

9

all of the necessary processes, including drafting and arguing all necessary motions, taking and defending all depositions, conducting any necessary evidentiary hearings, negotiating settlements for our clients, and handling all aspects of trial should a case proceed that far. He has conducted multiple employment trials and administrative hearings, both on his own and with other counsel, taking cases to verdict.

33. In January 2014, the Firm gave Mr. Coleman the title of "Senior Counsel," in which capacity, in addition to still managing his own caseload of ten-to-fifteen cases at a time, he oversaw and directly supervised all of the legal work of all the Firm's associates. In December 2015, the firm named Mr. Coleman a partner at B&A. His responsibilities remain unchanged from when he served as Senior Counsel.

34. Mr. Coleman's current hourly rate billed is $400.00.

35. The hourly rate used to calculate the lodestar for Mr. Coleman in this matter is $350.00.

## QUALIFICATIONS OF JEFFREY R. MAGUIRE

36. Undersigned counsel holds the title of Senior Counsel with Borrelli & Associates, P.L.L.C. I graduated from Clark University in 2004, receiving a Bachelor of Arts degree in Computer Science with a minor in Government and International Relations. Thereafter, I received the degree of Juris Doctor from St. John's University School of Law in 2008.

37. I gained admission to practice in the State of New York in February of 2009, and was subsequently admitted to the United States District Courts for the Eastern and Southern Districts of New York. In 2014 I was admitted to practice before the United States Court of Appeals for the Second Circuit. Since joining B&A in March of 2014, I have handled a caseload between thirty and fifty cases, the vast majority of which are in active litigation in state and federal

courts, and which primarily deal with wage and hour matters. I have successfully resolved many NYLL class and Fair Labor Standards Act collective actions in both the Eastern and Southern Districts of New York and in New York state courts.

38. Besides this case, I have been lead counsel in several class actions, including *Crispi v. Mercy Drive, Inc.*, 23089/2018, Dkt. No. 36 (Sup. Ct. Bronx Cnty., Sept. 27, 2019); *Mosaid v. Sardi's Enters. Ltd.*, No. 160653/2019, Dkt. No. 16 (Sup. Ct. N.Y. Cnty. Apr. 29, 2019); *Callaham v. MTC Limousine & Corporate Coach, Inc.*, No. 63099/2017, Doc. No. 35 (Sup. Ct., Westchester Cnty., Dec. 17, 2018); *Vazquez v. Tibana Finishing, Inc., et al.*, 17-cv-1907-PK, Dkt. No. 42 (E.D.N.Y. Sept. 13, 2018); *Jordan v. MV Transportation, Inc. et al.*, No. 513422/2016, Doc. No. 16 (Sup. Ct., Kings Cnty. Apr. 9, 2018); *Davis et al. v. Uptown Communication & Electric, Inc. et al.*, 16-cv-3990, Dkt. No. 101 (E.D.N.Y. June 26, 2017); *Copper v. Cavalry Staffing, LLC et al.*, 14-cv-3676 (FB)(RLM), Dkt. No. 252 (E.D.N.Y. Sept. 8, 2016); *Russo v. Ruiz et al.*, 15-cv-9789-CS, Dkt. No.55 (S.D.N.Y. Mar. 3, 2017); and *Vivaldo v. United Talmudical Acad. of Kiryas Joel, Inc., et al*, 2015 WL 4922961, *5 (S.D.N.Y. June 18, 2015), all wage-related cases in which B&A was appointed as class counsel.

39. I began working as lead attorney on this case from its inception and have been responsible for handling the day-to-day tasks of this litigation ever since. I continue to serve in this role presently.

40. My typically hourly rate billed is $300.00.

41. The hourly rate used to calculate the lodestar for me in this matter is $295.00.

## **QUALIFICATIONS OF THOMAS R. CROUCH**

42. Thomas R. Crouch is a former junior associate who worked with B&A and who assisted me with the collective action discovery.

11

43. Mr. Crouch received the degree of Juris Doctor from the University of Georgia School of Law in 2017 and was admitted to practice in the State of New York in 2018.

44. Mr. Crouch briefly worked on this matter from June 2018 until December 2018.

45. The hourly rate typically billed for Mr. Crouch was $200.00, which is the hourly rate for him that we used to calculate the lodestar in this matter.

### QUALIFICATIONS OF THE LAW CLERKS, AND STAFF

46. Pablo Martinez and Luiggi Tapia are current B&A staff members who assisted with the paralegal duties associated with this matter. Kerry Hardman is a current law school student who worked with B&A during the summer, assisting with analyzing the class data and preparing damage calculations in anticipation of the May 31, 2019 mediation.

47. The hourly rate requested here for the Firm's Staff, as well as Ms. Hardman, is $90.00.

48. Affidavits of local attorneys practicing in employment law attesting to the reasonableness of the Firm's requested fees are attached hereto as **Exhibit D**.

49. Based on the foregoing, we respectfully submit that the Court grant final approval of the class settlement in this action. A proposed order for the Court's consideration is attached hereto as **Exhibit E**.

Dated: New York, New York
February 11, 2020

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiffs and the Classes*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel.  (212) 679–5000
Fax.  (212) 679-5005

By: _____
Jeffrey R. Maguire, Esq. (JM 1982)