**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOHN SEALOCK, on behalf of himself, individually,
and on behalf of all others similarly-situated,

                            Plaintiff,

        -against-

COVANCE, INC.,

                            Defendants.

**Case No.: 17-cv-5857 (JMF)**


**AFFIDAVIT OF**
**ANGELA FERRANTE**
**REGARDING NOTICE**
**AND SETTLEMENT**
**ADMINISTRATION**

I, ANGELA FERRANTE, Esq., being duly sworn deposes and says:

1.      I am employed as the Chief Operating Officer of Arden Claims Service LLC ("Arden"), the claims administrator in the above-entitled action.  My business address is 322 Main Street, Port Washington, New York 11050.  My telephone number is (516) 944-2700.  I am over twenty-one (21) years of age and authorized to make this affidavit on behalf of Arden and myself.

2.      Arden is a class action settlement administration company headquartered in Port Washington, New York.  It was founded by individuals who have decades of experience in arbitration, mediation, and the practice of law, including class actions, and includes staff with years of experience in third-party claims administration, mail-house operations and call center support management.

3.      Arden was jointly selected by the parties as the Claims Administrator and appointed by the court on October 8, 2019 to administer the settlement in the above referenced action in accordance with the terms of the Class Action and Collective Action Settlement Agreement

entered into on September 18, 2019 (the "Settlement").[1]  Arden has been, and if the court grants the final approval of the Settlement, will continue to be responsible for, among other things:

    a.  Establishing, maintaining and administering a Qualified Settlement Fund for the purpose of effectuating the terms of the Settlement;

    b.  Locating Class Members;

    c.  Mailing the Notices of Settlement of Class Members in accordance with the Court's preliminary approval order;

    d.  Responding to Class Members' inquiries;

    e.  Calculating Class Members' Individual Payment amounts in accordance with the Settlement and the Court's final approval order;

    f.  Reporting on the state of the Settlement to counsel for the Parties;

    g.  Distributing the Individual Payments, and the Service Award;

    h.  Preparing and filing tax reporting forms and remitting funds to appropriate taxing authorities relating to the IRS Form 1099 portion of the Individual Payments;[2]

    i.  The claims administration process;

    j.  Providing copies of the Settlement Checks to counsel for Covance;

    k.  Preparing this affidavit regarding its due diligence in the claims administration process; and

---

[1]  Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Settlement.

[2] Pursuant to section 12(b) of the Settlement, Covance will issue the Settlement Checks relating to the IRS Form W-2 portion of the distribution to Class Members and provide those checks to Arden, and Arden will then mail those checks to Class Members with the IRS Form 1099 portion.  Covance will be responsible for applicable withholding and reporting.

l.   Performing such other duties as the Parties may jointly direct as specified in the Settlement or that are ancillary or related to claims administration matters.

## NOTIFICATIONS TO THE CLASS

4.   On October 23, 2019, Arden received the Court-approved New York Class and FLSA Collective Class Notice from Class Counsel.  Included with each Notice to be sent were blank copies of IRS W-9 and W-4 tax forms and a postage pre-paid, pre-addressed return envelope (hereinafter, the "Notice Packet").  The Notice Packet advised Class Members of their inclusion in the Settlement, their right to opt-out of the Settlement and the New York Class's right to object to the Settlement, and the implications of each such action.  The Notice Packet advised Class Members of applicable deadlines and other events including the date and location of the Fairness Hearing, and how Class Members could obtain additional information.  A sample of the New York Class Notice Packet is attached hereto as **Exhibit 1**.  A sample of the FLSA Notice Packet is attached hereto as **Exhibit 2**.

5.   On October 18, 2019, Defendants' counsel provided Arden with a list (hereinafter, the "Class List") containing the name, and if available, last known mailing and email addresses of each of the 171 Class Members.

6.   The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the United States Postal Service ("USPS").  The NCOA contains changes of address information filed with the USPS.  In the event that any individual had filed a USPS change of address request, the address listed with the NCOA was utilized in connection with the mailing of the Notice Packet.

7.   On November 7, 2019, the Notice Packets, which included a postage prepaid return envelope, were mailed via First Class Mail to all 171 Class Members contained in the Class List.

Notice Packets were also emailed to the sixty-seven (67) Class Members for whom email addresses were available.

8.      Arden received eight (8) Notice Packets back as undeliverable.  Three (3) of the Notice Packets were returned by the USPS as undeliverable but with a forwarding address, and these were re-mailed to the forwarding addresses received.  Five (5) Notice Packets were returned without a forwarding address.  Arden performed an advanced address search on these addresses by using LexisNexis, a reputable research tool.  Arden used the Class Member's name, previous address, and social security number, if one was available, to attempt to obtain a current address.  Through the five (5) advanced address searches performed, Arden was able to locate two (2) updated addresses and Arden promptly re-mailed Notice Packets to Class Members to those updated addresses.  Of those, one (1) was returned undelivered a second time and re-mailed again.  Accordingly, Arden was able to re-mail a total of eight (8) Notice Packets (three (3) from forwarded mail, two (2) from successful advanced address searches, two (2) that were requested to be sent via email, and one (1) that was remailed a third time).

9.      Ultimately, the number of Class Members who received Notice Packets was 168 out of the final class list of 171.  Three (3) class members were not ultimately located for a total undeliverable rate of approximately 2%.

## **EXCLUSIONS AND OBJECTIONS**

10.      As of this date, Arden has received one (1) request for exclusion from the Settlement which is attached hereto as **Exhibit 3**.

11.      As of this date, Arden has not received any objections to the Settlement.

## BREAKDOWN OF SETTLEMENT FUND[3]

12.     Payments pursuant to the Settlement are, subject to court-approval, to be allocated as follows:

| | |
|---|---|
| **Gross Settlement Fund:** | **$    250,000.00** |
| Less Attorney's Fees & Costs: | $   -100,586.86 |
| Less Claims Administrator Fees: | $    -20,000.00 |
| Less Plaintiff Service Payment: | $    -10,000.00 |
| **NET SETTLEMENT FUND** | **$    119,413.14** |

13.     As of this date, there are 170 Class Members eligible to receive payment as the Settlement was an opt-out settlement and class members did not need to file a claim in order to be eligible.  Accordingly, Arden will proceed to mail checks to the 170 Class Members who will collectively be paid their proportionate amount of the Net Settlement Fund, subject to any applicable tax withholding.  The highest claimant amount was $4,592.43, and the average claim payment will be $698.32.

## ADMINISTRATION COSTS

14.     Arden's fees and expenses for services rendered in connection with the administration of this Settlement including fees incurred and anticipated future costs for completion of the administration are $20,000.00.  Arden will continue its work on this matter by distributing checks to each class claimant (as noted above, Arden will prepare checks relating to the 1099 portion of the Class Member payments only and Covance will be preparing and sending ACS checks for the IRS Form W-2 portion of the Class Member payments, as well as calculating

---

[3] The Gross Settlement Fund was divided into two separate tranches.  The first tranche relates to the FLSA Collection Action and totals $183,095.20.  The second tranche relates to the New York Class Action which totals $66,904.80, for a total of $250,000.  The numbers reported below relate cumulatively to the two tranches for ease of reference.

and handling the appropriate tax calculation and payments for those checks) and calculating and paying each Class Member's taxes with respect to the IRS Form 1099 portion.

15.     Further, pursuant to section 9(h) of the Agreement, to the extent that there are funds remaining after distribution as a result of uncashed checks, Arden is to redistribute the funds.  As noted above, there are three (3) class members whom we were not able to notify of the settlement. Accordingly, it is reasonable to assume that those checks will not be delivered to those class members.  To the extent that is the case given the amounts allocable to those class members, or approximately $4,000, plus any other uncashed funds, it is reasonable to believe a redistribution will be necessary.  A re-distribution to approximately 168 parties will cost approximately $2,500, which takes into account an additional QSF tax year.

16.     I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.  Executed this 11th day of February 2020, at Port Washington, New York.

DATED: February 11, 2020

_____
Angela Ferrante

Sworn to before me this 11th day of February, 2020.

_____
Notary Public

THOMASINE SANDUL
Notary Public - State of New York
No. 01SA6228148
Qualified in Nassau County
My Commission Expires September 13, 20 2 2

6

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

*A court authorized this notice. This is not a solicitation from a lawyer.*
*This is not a lawsuit against you and you are not being sued.*
*However, your legal rights are affected whether you act or don't act.*

**If you were employed as a Clinical Research Associate by Covance, Inc. at any time between August 3, 2011 and the present, you may be entitled to receive money from a class and collective action settlement.**

*PLEASE READ THIS NOTICE CAREFULLY.* This notice relates to the proposed settlement of class and collective action litigation. It contains important information about your right to participate in the settlement and about how to exclude yourself from the litigation.

## I.     INTRODUCTION

Plaintiff John Sealock ("Plaintiff"), on behalf of himself and other Clinical Research Associates employed by Covance, Inc., has a pending lawsuit in the United States District Court for the Southern District of New York, located in New York, New York, entitled *Sealock v. Covance, Inc.*, Case No. 1:17-cv-5857-JMF ("the Lawsuit"). Covance, Inc. is the Defendant ("Defendant" or "Covance") in the Lawsuit.

In the Lawsuit, Plaintiff asserts that he was not paid in accordance with federal and state wage and hour laws. Specifically, he asserts that he was not paid overtime as required by the federal Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL" or "New York law"). He also asserts violations of New York's Wage Theft Protection Act ("WTPA") and asserts the right to other statutory penalties under the NYLL. The Clinical Research Associates that Plaintiff brought this case on behalf of are referred to as the "Class Members." Covance believes that it compensates its Clinical Research Associates and all other employees fairly and in full compliance with all legal requirements.

Plaintiff and Defendant have reached a settlement on behalf of the Class Members and have entered into a Settlement Agreement and Release (the "Settlement Agreement") that is explained in further detail below. Defendant has agreed to create a settlement fund (the "Settlement Fund") that will be used to pay current and former Class Members who qualify. Although Defendant agreed to settle, Defendant decided to do so solely to avoid the continued expense and burden of litigation. Covance expressly denies that it did anything wrong. The Court has not decided who is right and who is wrong.

You have been identified as a potential Class Member who is qualified to participate in the settlement. That is why you are receiving this notice. Please read this notice carefully. Your legal rights will be affected whether you act or do not act.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **PARTICIPATE IN SETTLEMENT** | If you wish to participate in the class settlement you do not need to do anything. By not excluding yourself (see below), you will become a participant in this class action and receive your settlement portion. By participating and receiving your settlement portion, you will be deemed to have released your wage and hour-related claims under the NYLL and any other New York state or local rule, statute, or ordinance governing the payment of wages. Once you sign and cash your check, you will also be deemed to have released your wage and hour-related claims under the FLSA and any other federal statute governing payment of wages. |
| **EXCLUDE YOURSELF** | If you make a timely and valid request to exclude yourself from the settlement by sending a written, signed Opt-out Statement to the Claims Administrator by **January 9, 2019**, you will not release any claims that you may have under the FLSA or New York law but you also will not receive a settlement payment. |
| **OBJECT** | If there is something about the settlement that you object to but you want to participate in the settlement, you must object to the settlement. Write to the Claims Administrator and explain why you disapprove of the settlement. Any objection must be sent to the Claims Administrator by **January 9, 2019**. If you object you may be allowed to appear in Court to present your objection in Court at the final fairness hearing. |

These rights and options – **and the deadlines to exercise them** – are explained in this notice.

Defendant will not take any adverse action against employees who participate in the Settlement.
- Neither Plaintiff's attorneys ("Class Counsel") nor Defendant or Defendant's attorneys make any representations concerning the tax consequences of receiving a settlement payment. You are advised to seek your own personal tax advice prior to acting in response to this Notice.

- This is only a proposed settlement, which means that it will not take effect until the Court decides whether to approve the settlement. Payments will be made only if the Court approves the settlement and after any appeals are resolved.  Please be patient.

## II.     QUESTIONS AND ANSWERS

### A.     Why did I receive this notice?

Defendant's records indicate that you are a Class Member because you were employed by Covance as a Clinical Research Associate at some time between August 3, 2011 and the present.

The Court ordered that this notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves the settlement and after any objections or appeals are heard, payments will be mailed to those class members who do not exclude themselves.  This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

### B.     What is this Lawsuit about?

Plaintiff alleges that Defendant did not pay Plaintiff and other Class Members overtime pay at the rate of time and one-half their regular rates of pay for all of the hours that they worked over forty in a week.  Additionally, Plaintiff alleges that Defendant did not provide Plaintiff and the Class Members with accurate wage statements on each pay day.

Defendant expressly denies that it did anything wrong and believes Covance's pay practices comply fully with the law.  Defendant maintains that the Plaintiff and all Class Members were properly paid at all times and that Covance's payroll practices comport with the law.  The Court has not issued any decision in this case about who is correct.

### C.     What is a class and collective action?

Plaintiff brought this lawsuit as a class action and collective action on behalf of himself and other Class Members.  The law provides a way for multiple individuals, or one individual on behalf of others, to sue together for the same relief.  For the FLSA claims, this is called a collective action.  For the NYLL claims, it is called a class action.

In a class or collective action, one or more people called "Class Representatives" (in this case, Plaintiff John Sealock) sue on behalf of people who may have similar claims.  All of these potentially similar people are "Class Members."  In this case, the Class Members are all individuals who were Clinical Research Associates for Covance at any time between August 3, 2011 and the present.  In a class action, one court resolves the issues for all Class Members, except for those who affirmatively exclude themselves from the class.  Pages 8-10 of this Notice explain how to exclude yourself from the Class should you wish to do so.

Although you already received a notice to "opt-in" to the collective action, and may have done so by returning an opt-in form during in or about June to August 2018, you must still read this notice carefully and act accordingly, as this Notice affects your rights whether you previously returned an opt-in form or not.  Even if you did not return the previous opt-in form, you are still currently a participant in the settlement and must exclude yourself from the class if you do not wish to receive settlement or release your federal and state wage and hour claims against Covance.

### D.     Why is there a settlement?

The Court did not decide in favor of either the Plaintiff or the Defendant.  Plaintiff thinks he could have won if he went to trial.  Defendant thinks that Plaintiff would not have won anything from a trial.  But there was no trial.  Instead, after extensive negotiations and with the help of a neutral mediator, the parties agreed to settle.  That way, both Plaintiff and Defendant avoid the costs of a trial, the risk of losing, and the delay and expenses of litigating the case and of potential appeals.  Plaintiff and his attorneys believe that the settlement is fair and reasonable, and in the best interests of all Class Members.  The settlement does not mean that Defendant did anything wrong or violated the law.

### E.     How do I know if I am part of the settlement?

You are a member of the Class if you worked for Covance as a Clinical Research Associate at any time between August 3, 2011 and the present.  If so, you are receiving this notice.

### F.     What does the settlement provide?

Covance has agreed to pay Class Members a total of Sixty-Six Thousand Nine Hundred Four Dollars and Eighty Cents ($66,904.80) (the "Gross Settlement Amount"), which will be used to pay the Class Members who do not exclude themselves from the settlement, Class Counsel's fees and out-of-pocket costs, a service award to Plaintiff John Sealock, and class settlement administration fees.

The Net Settlement Fund will be the Gross Settlement Amount minus attorneys' fees and costs, a service award, and class settlement administration fees. The attorneys' fees and costs, service award, and claims administration fees must be approved by the Court.

## G.     How will my payment be calculated?

Based on a formula preliminarily approved by the Court, the settlement payment for each member of the Settlement Class who returns a timely and valid Claim Form will be calculated as follows:

1. For each calendar year during the Class Period, each applicable Class Member shall be designated as Highly Compensated Employees if he/she received One Hundred Thousand Dollars and Zero Cents ($100,000.00) or more in gross annual income during a calendar year according to Covance's records;

2. For each Class Member that is designated as Highly Compensated Employees for every calendar year that he/she worked during the Class Period, that Class Member shall receive Two Hundred Dollars and Zero Cents ($200.00) from the Net Settlement Fund;

3. Each Class Member shall be assigned one point for each week worked during the Class Period for calendar years in which he/she was not designated as Highly Compensated Employees;

4. The number of points shall be calculated for each Class Member not designated as Highly Compensated Employees for each calendar year during the Class Period;

5. The number of points for all Class Members not designated as Highly Compensated Employees for each calendar year during the Class Period shall be added to obtain the "Total Denominator";

6. Each Class Member's points shall be divided by the Total Denominator to obtain each Class Member's allocated percentage of the Net Settlement Fund;

7. After subtracting the Net Settlement Fund by the total of each of the Two Hundred and Zero Cents ($200.00) payments to the Highly Compensated Employees, each Class Member's percentage shall then be multiplied by the remainder of the Net Settlement Fund to determine the Individual Payment of each Class Member.

8. Each Class Member whose Individual Payment is less than $200.00 shall receive Two Hundred Dollars and Zero Cents ($200.00) to be deducted from the Net Settlement Fund.

The total of all possible Individual Payments of Class members shall not exceed the Net Settlement Fund.

This formula can accurately be represented as follows:

$$\$66,904.80 - (Attorneys' Fees, costs, service award, administration fees, highly compensated awards)$$
$$X \frac{Individual\ Class\ Member's\ Point\ Value}{Class\ Members'Combined\ Total\ Points} = Individual\ Settlement\ Payment$$

As an example of how this formula works, a class member who worked for Covance for 52 weeks as a Clinical Research Associate and was not designated as a Highly Compensated Employee will receive $682.29 if the Court approves the Settlement and approves the requested amounts as attorneys' fees ($22,301.51) and costs ($4,617.46), costs for the claims administrator ($5,352.38), service award ($2,676.19), and awards to Highly Compensated Employees ($3,200.00).

$$\mathbf{\$28,757.25\ X\ \frac{52\ (Individual\ non-HCE\ Class\ Member's\ Point\ Value)}{2,191.71\ (Combined\ non-HCE\ Class\ Members'Total\ Points)} = \$682.29}$$

The calculation of all work weeks shall be based on Covance's business records, which were used to calculate the appropriate settlement amount in this action. If there is a dispute about how many weeks a class member worked, the dispute will be submitted to the mediator, Martin Scheinman, Esq. If Mr. Scheinman is unable or unwilling to resolve the dispute, it will be submitted to the Court if the parties are unable to agree among themselves.

For those Class Members who do not exclude themselves from the settlement, fifty percent (50%) of each Class Member's Settlement Payment will be reported to the IRS as W-2 wage income and will be subject to applicable withholdings; the remaining fifty percent (50%) will be reported to the IRS as 1099-Misc non-wage income representing liquidated damages and interest. The Service Award Recipient's Service Award will be reported to the IRS as 1099-Misc non-wage income. Each Class Member who participates in the settlement (and Service Award Recipient, as applicable) agrees to defend and hold Defendant harmless, up to the amount of his or her Individual Settlement Payment (and Service Award, if applicable), for any unexpected tax obligations and related expenses that Defendant might incur because of this settlement, if the liability is solely due to the failure of that individual (and Service Award Recipient, as applicable) to pay taxes on the 1099-Misc non-wage income portion of the Settlement Payment. It will be the responsibility of each Class Member receiving a payment to file and pay any taxes associated with any amounts paid for which he/she receives an IRS Form 1099.

3

In addition, there may be money left over from the settlement after there is either a class settlement, or if someone who did not exclude him/herself fails to cash his or her settlement check within 180 days of receipt. This is called a "Residual Fund." If this occurs, the Residual Fund will be distributed as follows:

- After the Claims Administrator calculates and deducts the cost of distributing the second round of checks, the Residual Fund will be distributed *pro rata* to Class Members who did not exclude themselves from the settlement and timely cashed their settlement checks. This payment will be reported to the IRS as 1099-Misc non-wage income representing liquidated damages and interest;
- If the remaining Residual Fund is too small to make sending second checks practical after determining the costs of sending the second checks, the Residual Fund will be returned to the Defendant;
- If there is money remaining in the Residual Fund after 90 days from the date the second round checks are distributed, any money remaining in the Residual Fund will be returned to Defendant.

## H.     Why are Highly Compensated Employees receiving only $200.00?

Under the federal and state law, employees are generally exempt from overtime if the employee's annual income including salary and bonuses is $100,000.00 or more. The salary amount is determined pro rata, meaning it is calculated as if over a 12-month period, so if your annual salary was $100,000.00 or more it does not matter how many weeks or months you worked earning that salary, you are still a Highly Compensated Employee. During the litigation of this case, Class Counsel determined that it was exceedingly likely that Clinical Research Associates that made $100,000.00 or more would be found by the Court or a jury to be properly exempt as Highly Compensated Employees during those applicable years and therefore not entitled to any unpaid overtime. Therefore, while the Highly Compensated Employees are likely not to be entitled to recovery under this lawsuit, the settlement terms provide each Highly Compensated Employee with $200.00 in exchange for a release of that employee's claims. If you do not know whether you qualify as a Highly Compensated Employee, you should contact the Claims Administrator or Class Counsel. You also have the option of excluding yourself from the settlement if you believe that the settlement amount in exchange for your claims is not satisfactory and you will not release any of your federal or state wage and hour claims if you do so.

## I.     What if I made $100,000.00 or more in some years, but not other years that I worked for Covance?

You are only designated as a Highly Compensated Employee for the calendar years that you made $100,000.00 in annual income (or prorated salary). Therefore, any years that you earned less than $100,000.00 annual income you will receive points for each week that you worked. If this means that under the formula in Paragraph G you are due to receive less than $200.00, you will still receive $200.00.

## J.     What do I have to do to collect my settlement payment?

To receive a payment from the settlement, you do not need to do anything. Should the settlement be approved the Court, you will receive your settlement checks and you must cash them within 180 days of receipt. If you recently changed address, or changed your address from August 3, 2017 until the date you received this Notice, you must update the Claims Administrator to any intervening changes in your mailing address between the time that you receive this notice and the time payments are mailed.

## K.     What am I giving up by participating and receiving payment?

Unless you exclude yourself from the settlement, you will remain in the Class. You will release all wage and hour claims under New York law or any other state or local law governing the payment of wages. If you cash a settlement check received from this settlement, you will also release all claims under the FLSA. That means you will not be able to bring a new lawsuit or be part of any other lawsuit against Covance concerning wage and hour issues or for any other potential claims arising under the federal or state wage laws. It also means that all of the Court's rulings will apply to you and legally bind you.

## L.     When will my payment arrive?

The Court will hold a hearing on March 12, 2020 at 3:30 p.m. to decide whether to grant final approval to the settlement. If the Court approves the settlement, and no appeal is taken, you will receive your payment within twenty-one (21) days of the Effective Date of the settlement, which is after the deadline to appeal the Court's Final Approval Order has expired. There may, however, be an appeal challenging the Court's decision. It is impossible to predict whether an appeal will be taken, and if there is, how long it will take to be decided. Please be patient. You can contact the Claims Administrator at any time for an update on the status of the case or the settlement. It is your responsibility to make sure the Claims Administrator has your current mailing address.

## M.     Does the settlement fund include any other payments?

Yes. Plaintiff's attorneys will ask the Court to approve payment for their attorneys' fees of up to Twenty-Two Thousand Three Hundred One Dollars and Fifty-One Cents ($22,301.51), and costs in the amount of Four Thousand Six Hundred Seventeen Dollars and Forty-Six Cents ($4,617.46), a Service Award of up to Two Thousand Six Hundred Seventy Six Hundred Dollars and Nineteen Cents ($2,676.19) to Plaintiff

John Sealock, and claims distribution of Five Thousand Three Hundred Fifty-Two Dollars and Thirty-Eight Cents ($5,352.38) to Arden Claims Service, LLC. Those amounts will also come from the Gross Settlement Amount.

## N.    How do I exclude myself from the settlement?

If you wish to exclude yourself (or "opt out") from this Lawsuit and not be bound by the settlement, you must submit to the Claims Administrator a written Opt-out Statement that includes your name, address, and telephone number, and a statement indicating your intention to exclude yourself from the settlement, such as "I opt out of the Covance wage and hour settlement." The Opt-out Statement must specifically refer to the "Sealock v. Covance Settlement" and be sent to the Claims Administrator, Arden Claims Service, LLC, PO Box 1015, Port Washington, New York 11050. You may also fax your Opt-out Statement to the Claims Administrator at 516-888-3501, or email your Opt-out Statement to the Claims Administrator at info@ardenclaims.com. You must send your Opt-out Statement to the Claims Administrator, and it must be postmarked or received by the Claims Administrator by on or before **January 9, 2020**.

If you exclude yourself, you will not receive any money from this settlement and you cannot object to the settlement. You will not release any claims asserted in the Lawsuit, and you will not be legally bound by anything that happens in the Lawsuit. You may, however, pursue other remedies separate and apart from the settlement that may be available to you, such as your own lawsuit based on the same claims as those settled in this Lawsuit, bearing in mind that the statute of limitations on your claims may have already expired.

## O.    How do I object to the settlement?

If you want to participate in the settlement but you disapprove of any part of the settlement, you may object to it before it is finally approved by the Court. If you choose to object, you must send your objections, in writing, to the Claims Administrator, Arden Claims Service, LLC, P.O. Box 1015, Port Washington, New York 11050. You may also fax your objection to the Claims Administrator at 516-888-3501, or email your objection to the Claims Administrator at info@ardenclaims.com. Your objection must be postmarked or received by the Claims Administrator by no later than **January 9, 2020**. Your objection must refer to the "Sealock v. Covance Settlement," state your specific reasons for objecting, and include any supporting documentation. Your objection must also state your name, address, and telephone number. Your written statement must include all reasons for the objection.

If you submit a timely and properly completed objection to the Claims Administrator, you have the right to appear at the Fairness Hearing that the Court will hold to determine whether to finally approve the settlement of this case, which will take place before The Honorable Jesse M. Furman on March, 12, 2020 at 3:30 p.m. in Courtroom 1105 at the United States District Court, Southern District of New York, 40 Foley Square, New York, New York 10007. The date and time of this hearing is subject to change by the Court without further notice except as may otherwise appear on the Court's docket. If you intend to appear at the Fairness Hearing, your objection must state, "I request leave to appear and present my objection(s) at the Fairness Hearing." If you intend to appear at the Fairness Hearing through an attorney (whom you may retain at your own expense), your objection must state that as well. Your attorney must file a notice of appearance with the Court no later than February 27, 2020.

Even if you object to the settlement, unless you exclude yourself, you will still receive settlement checks if the Court approves the settlement over your objection(s) and you will release all NYLL claims against Covance, and all FLSA claims if you cash your checks.

Objecting to the settlement is not the same as excluding yourself from the settlement, which is described in the previous section. If the Court overrules your objection(s), you will be bound by its ruling.

## P.    What is the difference between objecting to the settlement and excluding myself from the settlement?

Objecting is simply telling the Court that you disapprove of something about the settlement. To present an objection, you must also participate in the settlement and be eligible to receive a settlement payment. You participate simply by not excluding yourself.

Excluding yourself (opting out) is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you. You will not receive any portion of the proceeds of the settlement if you exclude yourself, but you retain all of your rights and do not release any claims against Covance.

## Q.    If I do not exclude myself, can I sue Defendant for the same thing later?

If you do not exclude yourself, you cannot bring a new lawsuit against the Defendant under the NYLL, the Wage Theft Protection Act, or any other state or local statute, rule, or ordinance governing the payment of wages.

## R.    If I participate in the settlement and receive a check, can I still sue the Defendant for unpaid wages?

If you participate in the settlement and accept a settlement payment, you may release claims against Defendant under the FLSA, as well as the NYLL, or any other New York state or local statute, rule, or ordinance, including the Wage Theft Protection Act, governing the payment of wages.

| **S.** | **Do I have a lawyer in this case?** |

The Court has decided that Plaintiff's lawyers, Borrelli & Associates, P.L.L.C., and Keegan & Baker, LLP, are qualified to represent you and all Class Members as "Class Counsel."  You do not owe Class Counsel any money for their services relating to the Lawsuit or the settlement.  You do not need to retain your own attorney to participate in the settlement.  If you want to be represented by your own lawyer in connection with the settlement, you may hire one at your own expense.

| **T.** | **Can I participate in the settlement regardless of my immigration status?** |

Yes.  You have a right to participate in this settlement regardless of your immigration status.

| **U.** | **When and where will the Court decide whether to approve the settlement?** |

The Court will hold a fairness hearing at 3:30 p.m. on March 12, 2020 in Courtroom 1105 at the United States District Court, Southern District of New York, 40 Foley Square, New York, New York 10007.  Again, the date and time of this hearing is subject to change by the Court without further notice.  You can search the public docket for any Court decisions on this matter, using case number 17-cv-5857.

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court may listen to people who have asked to speak at the hearing.  The Court will also consider Class Counsel's request for a Service Award to the named Plaintiff, and the payment of attorneys' fees and costs.  After or at the conclusion of the hearing, the Court will decide whether to approve the settlement and the requested expenses, Service Award, and fees.  It is impossible to predict how long these decisions will take.

| **V.** | **Do I have to attend the fairness hearing?** |

No.  The Plaintiff and Defendant and their attorneys are responsible for presenting the settlement to the Court at the fairness hearing.  You may choose to attend the hearing at your own expense.  If you submit a timely, valid objection, the Court will consider it.  You do not have to appear at the hearing to support your objection or pay a lawyer to attend the hearing, but you may if you wish.

| **W.** | **Can Defendant retaliate against me for participating in the settlement?** |

No.  Defendant has voluntarily agreed to enter into this proposed settlement.  The FLSA and the NYLL prohibit Defendant, or anyone acting on its behalf, from firing you or otherwise retaliating against you because you have participated in this settlement.

| **X.** | **Where can I get more information about the settlement?** |

The above is a summary of the basic terms of the settlement.  For the precise terms and conditions of the settlement, you may contact the Settlement Claims Administrator Toll-Free at 877-623-2703, or write to Arden Claims Service LLC, PO Box 1015, Port Washington, New York 11050, or Plaintiff's counsel, Michael J. Borrelli, Esq. of Borrelli & Associates at 516-248-5550.

**Please contact the Claims Administrator at 877-623-2703, AND NOT THE COURT, if you have questions regarding this Notice.**

Form **W-9**
(Rev. October 2018)
Department of the Treasury
Internal Revenue Service

## Request for Taxpayer
## Identification Number and Certification

▶ Go to *www.irs.gov/FormW9* for instructions and the latest information.

**Give Form to the requester. Do not send it to the IRS.**

*Print or type.*
*See Specific Instructions on page 3.*

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

**2** Business name/disregarded entity name, if different from above

**3** Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only **one** of the following seven boxes.

☐ Individual/sole proprietor or single-member LLC    ☐ C Corporation    ☐ S Corporation    ☐ Partnership    ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶ _____

**Note:** Check the appropriate box in the line above for the tax classification of the single-member owner.  Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is **not** disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

☐ Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.) See instructions.

**6** City, state, and ZIP code

Requester's name and address (optional)

**7** List account number(s) here (optional)

### Part I   Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN*, later.

**Note:** If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

**Social security number**

☐☐☐ – ☐☐ – ☐☐☐☐

**or**

**Employer identification number**

☐☐ – ☐☐☐☐☐☐☐

### Part II   Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**

**Signature of U.S. person ▶**

**Date ▶**

# General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See* What is backup withholding, *later.*

Cat. No. 10231X      Form **W-9** (Rev. 10-2018)

# Form W-4 (2019)

**Future developments.** For the latest information about any future developments related to Form W-4, such as legislation enacted after it was published, go to *www.irs.gov/FormW4*.

**Purpose.** Complete Form W-4 so that your employer can withhold the correct federal income tax from your pay. Consider completing a new Form W-4 each year and when your personal or financial situation changes.

**Exemption from withholding.** You may claim exemption from withholding for 2019 if **both** of the following apply.

• For 2018 you had a right to a refund of **all** federal income tax withheld because you had **no** tax liability, **and**

• For 2019 you expect a refund of **all** federal income tax withheld because you expect to have **no** tax liability.

If you're exempt, complete **only** lines 1, 2, 3, 4, and 7 and sign the form to validate it. Your exemption for 2019 expires February 17, 2020. See Pub. 505, Tax Withholding and Estimated Tax, to learn more about whether you qualify for exemption from withholding.

## General Instructions

If you aren't exempt, follow the rest of these instructions to determine the number of withholding allowances you should claim for withholding for 2019 and any additional amount of tax to have withheld. For regular wages, withholding must be based on allowances you claimed and may not be a flat amount or percentage of wages.

You can also use the calculator at *www.irs.gov/W4App* to determine your tax withholding more accurately. Consider using this calculator if you have a more complicated tax situation, such as if you have a working spouse, more than one job, or a large amount of nonwage income not subject to withholding outside of your job. After your Form W-4 takes effect, you can also use this calculator to see how the amount of tax you're having withheld compares to your projected total tax for 2019. If you use the calculator, you don't need to complete any of the worksheets for Form W-4.

Note that if you have too much tax withheld, you will receive a refund when you file your tax return. If you have too little tax withheld, you will owe tax when you file your tax return, and you might owe a penalty.

**Filers with multiple jobs or working spouses.** If you have more than one job at a time, or if you're married filing jointly and your spouse is also working, read all of the instructions including the instructions for the Two-Earners/Multiple Jobs Worksheet before beginning.

**Nonwage income.** If you have a large amount of nonwage income not subject to withholding, such as interest or dividends, consider making estimated tax payments using Form 1040-ES, Estimated Tax for Individuals. Otherwise, you might owe additional tax. Or, you can use the Deductions, Adjustments, and Additional Income Worksheet on page 3 or the calculator at *www.irs.gov/W4App* to make sure you have enough tax withheld from your paycheck. If you have pension or annuity income, see Pub. 505 or use the calculator at *www.irs.gov/W4App* to find out if you should adjust your withholding on Form W-4 or W-4P.

**Nonresident alien.** If you're a nonresident alien, see Notice 1392, Supplemental Form W-4 Instructions for Nonresident Aliens, before completing this form.

## Specific Instructions

### Personal Allowances Worksheet

Complete this worksheet on page 3 first to determine the number of withholding allowances to claim.

**Line C. Head of household please note:** Generally, you may claim head of household filing status on your tax return only if you're unmarried and pay more than 50% of the costs of keeping up a home for yourself and a qualifying individual. See Pub. 501 for more information about filing status.

**Line E. Child tax credit.** When you file your tax return, you may be eligible to claim a child tax credit for each of your eligible children. To qualify, the child must be under age 17 as of December 31, must be your dependent who lives with you for more than half the year, and must have a valid social security number. To learn more about this credit, see Pub. 972, Child Tax Credit. To reduce the tax withheld from your pay by taking this credit into account, follow the instructions on line E of the worksheet. On the worksheet you will be asked about your total income. For this purpose, total income includes all of your wages and other income, including income earned by a spouse if you are filing a joint return.

**Line F. Credit for other dependents.** When you file your tax return, you may be eligible to claim a credit for other dependents for whom a child tax credit can't be claimed, such as a qualifying child who doesn't meet the age or social security number requirement for the child tax credit, or a qualifying relative. To learn more about this credit, see Pub. 972. To reduce the tax withheld from your pay by taking this credit into account, follow the instructions on line F of the worksheet. On the worksheet you will be asked about your total income. For this purpose, total

---

‑ ‑ ‑ ‑ ‑ ‑ ‑ ‑ ‑ ‑ ‑ ‑  **Separate here and give Form W-4 to your employer. Keep the worksheet(s) for your records.**  ‑ ‑ ‑ ‑ ‑ ‑ ‑ ‑ ‑ ‑ ‑ ‑

Form **W-4**
Department of the Treasury
Internal Revenue Service

## Employee's Withholding Allowance Certificate

▶ **Whether you're entitled to claim a certain number of allowances or exemption from withholding is subject to review by the IRS. Your employer may be required to send a copy of this form to the IRS.**

OMB No. 1545-0074

**2019**

| 1 | Your first name and middle initial | Last name | | 2 | Your social security number |
|---|---|---|---|---|---|

| Home address (number and street or rural route) | 3 | ☐ Single  ☐ Married  ☐ Married, but withhold at higher Single rate. |
|---|---|---|

**Note:** If married filing separately, check "Married, but withhold at higher Single rate."

| City or town, state, and ZIP code | 4 | If your last name differs from that shown on your social security card, check here. You must call 800-772-1213 for a replacement card.  ▶ ☐ |
|---|---|---|

| 5 | Total number of allowances you're claiming (from the applicable worksheet on the following pages) . . . . | **5** | |
|---|---|---|---|
| 6 | Additional amount, if any, you want withheld from each paycheck . . . . . . . . . . . . | **6** | $ |
| 7 | I claim exemption from withholding for 2019, and I certify that I meet **both** of the following conditions for exemption. | | |
| | • Last year I had a right to a refund of **all** federal income tax withheld because I had **no** tax liability, **and** | | |
| | • This year I expect a refund of **all** federal income tax withheld because I expect to have **no** tax liability. | | |
| | If you meet both conditions, write "Exempt" here . . . . . . . . . . . . . . . . . ▶ | **7** | |

Under penalties of perjury, I declare that I have examined this certificate and, to the best of my knowledge and belief, it is true, correct, and complete.

**Employee's signature**
(This form is not valid unless you sign it.) ▶

**Date** ▶

| 8 | Employer's name and address (**Employer:** Complete boxes 8 and 10 if sending to IRS and complete boxes 8, 9, and 10 if sending to State Directory of New Hires.) | 9 | First date of employment | 10 | Employer identification number (EIN) |
|---|---|---|---|---|---|

**For Privacy Act and Paperwork Reduction Act Notice, see page 4.**

Cat. No. 10220Q

Form **W-4** (2019)

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

*A court authorized this notice. This is not a solicitation from a lawyer.*
*This is not a lawsuit against you and you are not being sued.*
*However, your legal rights are affected whether you act or don't act.*

**PLEASE READ THIS NOTICE CAREFULLY.** You are receiving this notice because you filed a Consent to Join form in the action entitled *Sealock v. Covance, Inc.*, Case No. 1:17-cv-5857-JMF, pending in the United States District Court for the Southern District of New York, located in New York, New York ("the Lawsuit"), and accordingly joined the case. This notice relates to the proposed settlement reached in this Lawsuit. It contains important information about your participation in the settlement and about how to exclude yourself from the litigation if you do not want to participate in the settlement for whatever reason.

## I. <u>INTRODUCTION</u>

As you know from the prior notice mailed to you in either June 2018 or January 2019, Plaintiff John Sealock ("Plaintiff"), on behalf of himself and other Clinical Research Associates employed by Covance, Inc. ("Defendant" or "Covance"), filed the Lawsuit against Covance alleging overtime violations under the Fair Labor Standards Act ("FLSA") and New York law. After the Court authorized notice to be sent to all Clinical Research Associates who were employed by Covance between August 3, 2014 and the date that the notices were sent, 128 total Clinical Research Associates opted-in to the Lawsuit by filing a Consent to Join form. The 128 Clinical Research Associates, which includes you, are referred to as the Opt-in Plaintiffs.

Plaintiff and Defendant have reached a settlement on behalf of the Opt-in Plaintiffs and have entered into a Settlement Agreement and Release (the "Settlement Agreement") that is explained in further detail below. Defendant has agreed to create a settlement fund (the "Settlement Fund") that will be used to pay the Opt-in Plaintiffs who choose to participate in the settlement. Although Defendant agreed to settle, Defendant decided to do so solely to avoid the continued expense and burden of litigation. Covance expressly denies that it did anything wrong. The Court has not decided who is right and who is wrong.

You are an Opt-in Plaintiff and that is why you are receiving this notice. Please read this notice carefully. Your legal rights will be affected whether you act or do not act.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **PARTICIPATE IN SETTLEMENT** | If you wish to participate in the settlement you do not need to do anything. By not excluding yourself (see below), you will receive your settlement portion. By participating and receiving your settlement portion, you will be deemed to have released your wage and hour-related claims under the FLSA and any other federal or state statute governing payment of wages. |
| **EXCLUDE YOURSELF** | If you make a timely and valid request to exclude yourself from the settlement by sending a written, signed Opt-out Statement to the Claims Administrator by **January 9, 2019**, you will not release any claims that you may have under the FLSA or state law but you also will not receive a settlement payment. As will be explained in more detail below, this Lawsuit will not continue and you will be provided ninety days to commence your own case if you so choose. |

These rights and options – **and the deadlines to exercise them** – are explained in this notice.

Defendant will not take any adverse action against employees who participate in the settlement.

- Neither Plaintiff's attorneys ("Class Counsel") nor Defendant or Defendant's attorneys make any representations concerning the tax consequences of receiving a settlement payment. You are advised to seek your own personal tax advice prior to acting in response to this notice.

- This is only a <u>proposed</u> settlement, which means that the Court in charge of this case still has to decide whether to approve the settlement. Payments will be made only if the Court approves the settlement and after any appeals are resolved. Please be patient.

## A.   Why did I receive this notice?

You received this notice because you signed and returned a Consent to Join form that was filed by the Clerk of Court in the Southern District of New York for this Lawsuit. By doing so, you elected to join the collective action by "opting-in" and to be bound by decisions made by Plaintiff Sealock and his counsel, Borrelli & Associates, P.L.L.C., including decisions to settle the matter.

On May 31, 2019, the parties engaged in private mediation to discuss settlement of the matter, and ultimately reached an agreement in principle. The Court must approve this settlement under the law. The Court ordered that this notice be sent to you to inform you of the settlement and to provide you with the option to either accept your settlement portion or to exclude yourself from the Lawsuit. If the Court approves the settlement, payments will be mailed to those Opt-in Plaintiffs who do not exclude themselves. This notice explains the Lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

## B.   Why is there a settlement?

The Court did not decide in favor of either the Plaintiff or the Defendant. Plaintiff thinks he could have won if he went to trial. Defendant thinks that Plaintiff would not have won anything from a trial. But there was no trial. Instead, after extensive negotiations and with the help of a neutral mediator, the parties agreed to settle. That way, both Plaintiff and Defendant avoid the costs of a trial, the risk of losing, and the delay and expenses of litigating the case and of potential appeals. Plaintiff and his attorneys believe that the settlement is fair and reasonable, and in the best interests of all Opt-in Plaintiffs. The settlement does not mean that Defendant did anything wrong or violated the law.

## C.   What does the settlement provide?

Covance has agreed to pay Opt-in Plaintiffs in this collective action settlement up to One Hundred Eighty-Three Thousand Ninety-Five Dollars and Twenty Cents ($183,095.20) (the "Gross Settlement Amount"), which will be used to pay the Opt-in Plaintiffs who do not exclude themselves from the settlement, Class Counsel's fees and out-of-pocket costs, a service award to Plaintiff John Sealock, and class settlement administration fees.

This Settlement Amount was determined in substantial part by an employment research company that Class Counsel hired to calculate the potential overtime damages based upon the Opt-in Plaintiffs reported overtime hours. The Settlement Amount is based upon this report.

The Net Settlement Fund will be the Gross Settlement Amount minus attorneys' fees and costs, a service award, and class settlement administration fees. The attorneys' fees and costs, service award, and claims administration fees must be approved by the Court.

## D.   How will my payment be calculated?

Based on a formula preliminarily approved by the Court, the settlement payment for each Opt-in Plaintiff will be calculated based upon a Class Period from August 3, 2014 to present as follows:

1.   For each calendar year during the Class Period, each Opt-in Plaintiff shall be designated as a Highly Compensated Employee if he/she received One Hundred Thousand Dollars and Zero Cents ($100,000.00) or more in gross annual income during a calendar year according to Covance's records;

2.   For each Opt-in Plaintiff that is designated as a Highly Compensated Employee for every calendar year that he/she worked during the Class Period, that Opt-in Plaintiff shall receive Two Hundred Dollars and Zero Cents ($200.00) from the Net Settlement Fund;

3.   Each Opt-in Plaintiff shall be assigned one point for each week worked during the Class Period for calendar years in which he/she was not designated as a Highly Compensated Employee;

4.   The number of points shall be calculated for each Opt-in Plaintiff not designated as a Highly Compensated Employee for each calendar year during the Class Period;

5.   The number of points for all Opt-in Plaintiffs not designated as Highly Compensated Employees for each calendar year during the Class Period shall be added to obtain the "Total Denominator";

6.   Each Opt-in Plaintiff's points shall be divided by the Total Denominator to obtain each Opt-in Plaintiff's allocated percentage of the Net Settlement Fund;

7.   After subtracting the Net Settlement Fund by the total of each of the Two Hundred and Zero Cents ($200.00) payments to the Highly Compensated Employees, each Opt-in Plaintiff's percentage shall then be multiplied by the remainder of the Net Settlement Fund to determine the Individual Payment of each Opt-in Plaintiff.

8.   Each Opt-in Plaintiff whose Individual Payment is less than $200.00 shall receive Two Hundred Dollars and Zero Cents ($200.00) to be deducted from the Net Settlement Fund.

This formula can accurately be represented as follows:

$$\$183{,}095.20 - (Attorneys'\,Fees, costs, service\,award, administration\,fees, highly\,compensated\,awards)$$
$$X\,\frac{Individual\,Class\,Member's\,Point\,Value}{Class\,Members'\,Combined\,Total\,Points} = Individual\,Settlement\,Payment$$

As an example of how this formula works, an Opt-in Plaintiff who worked for Covance for 52 weeks as a Clinical Research Associate and was not designated as a Highly Compensated Employee will receive $1,156.85 if the Court approves the Settlement and approves the requested amounts as attorneys' fees ($61,031.49) and costs ($12,636.40), costs for claims administrator ($14,647.62), service award ($7,323.80), and awards to Highly Compensated Employees ($14,600.00).

$$\$72{,}855.89\,X\,\frac{52\,(Individual\,non-HCE\,Opt-in\,Plaintiff's\,Point\,Value)}{3{,}275\,(Combined\,non-HCE\,Opt-in\,Plaintiffs'\,Total\,Points)} = \$1{,}156.85$$

The calculation of all work weeks shall be based on Covance's business records, which were used to calculate the appropriate settlement amount in this action. If there is a dispute about how many weeks an Opt-in Plaintiff worked, the dispute will be submitted to the mediator, Martin Scheinman, Esq. If Mr. Scheinman is unable or unwilling to resolve the dispute, it will be submitted to the Court if the parties are unable to agree among themselves.

For those Opt-in Plaintiffs who do not exclude themselves from the settlement, fifty percent (50%) of each Opt-in Plaintiff's Settlement Payment will be reported to the IRS as W-2 wage income and will be subject to applicable withholdings; the remaining fifty percent (50%) will be reported to the IRS as 1099-Misc non-wage income representing liquidated damages and interest. The Service Award Recipient's Service Award will be reported to the IRS as 1099-Misc non-wage income. Each Opt-in Plaintiff who participates in the settlement (and Service Award Recipient, as applicable) agrees to defend and hold Defendant harmless, up to the amount of his or her Individual Settlement Payment (and Service Award, if applicable), for any unexpected tax obligations and related expenses that Defendant might incur because of this settlement, if the liability is solely due to the failure of that individual (and Service Award Recipient, as applicable) to pay taxes on the 1099-Misc non-wage income portion of the Settlement Payment. It will be the responsibility of each Opt-in Plaintiff receiving a payment to file and pay any taxes associated with any amounts paid for which he/she receives an IRS Form 1099.

In addition, there may be money left over in the Settlement Fund if any Opt-in Plaintiffs exclude themselves from the class settlement, or if someone who did not exclude him/herself fails to cash his or her settlement check within 180 days of receipt. This is called a "Residual Fund." If this occurs, the Residual Fund will be distributed as follows:

- After the Claims Administrator calculates and deducts the cost of distributing the second round of checks, the Residual Fund will be distributed *pro rata* to Opt-in Plaintiffs who did not exclude themselves from the settlement and timely cashed their settlement checks;

- If the remaining Residual Fund is too small to make sending second checks practical after determining the costs of sending the second checks, the Residual Fund will be returned to the Defendant;

- If there is money remaining in the Residual Fund after 90 days from the date the second round checks are distributed, any money remaining in the Residual Fund will be returned to Defendant.

- 

**E.     Why are Highly Compensated Employees receiving only $200.00?**

Under the federal and state law, employees are generally exempt from overtime if the employee's annual income, including salary and bonuses, is $100,000.00 or more. The salary amount is determined *pro rata*, meaning it is calculated as if over a 12-month period, so if your annual salary was $100,000.00 or more it does not matter how many weeks or months you worked earning that salary, you are still a Highly Compensated Employee. During the litigation of this case, Class Counsel determined that it was exceedingly likely that Clinical Research Associates that made $100,000.00 or more would be found by the Court or a jury to be properly exempt as Highly Compensated Employees during those applicable years and therefore not entitled to any unpaid overtime. Therefore, while the Highly Compensated Employees are likely not to be entitled to recovery under this lawsuit, the settlement terms provide each Highly Compensated Employee with $200.00 in exchange for a release of that employee's claims. If you do not know whether you qualify as a Highly Compensated Employee, you should contact the Claims Administrator or Class Counsel. You also have the option of excluding yourself from the settlement if you believe that the settlement amount in exchange for your claims is not satisfactory and you will not release any of your federal or state wage and hour claims if you do so.

**F.     What if I made $100,000.00 or more in some years, but not other years that I worked for Covance?**

You are only designated as a Highly Compensated Employee for the calendar years that you made $100,000.00 in annual income (or prorated salary). Therefore, any years that you earned less than $100,000.00 annual income you will receive points for each week that you worked. If this means that under the formula in Paragraph D you are due to receive less than $200.00, you will still receive $200.00.

**G.      What do I have to do to collect my settlement payment?**

To receive a payment from the settlement, you do not need to do anything.  Should the settlement be approved by the Court, you will receive your settlement checks and you must cash them within 180 days of receipt.  If you recently changed your address, or change your address after you receive this Notice, you must update the Claims Administrator to any intervening changes in your mailing address between the time that you receive this notice and the time payments are mailed.

**H.      What am I giving up by participating and receiving payment?**

Unless you exclude yourself from the settlement, you will remain as an Opt-in Plaintiff and receive your settlement portion.  You will release all wage and hour claims under federal and state law governing the payment of wages.  That means you will not be able to bring a new lawsuit or be part of any other lawsuit against Covance concerning wage and hour issues or for any other potential claims arising under the federal or state wage laws.  It also means that all of the Court's rulings will apply to you and legally bind you.

**I.      When will my payment arrive?**

If the Court approves the settlement, and no appeal is taken, you will receive your payment within twenty-one (21) days of the Effective Date of the settlement, which is after the deadline to appeal the Court's Final Approval Order has expired.  There may, however, be an appeal challenging the Court's decision.  It is impossible to predict whether an appeal will be taken, and if there is, how long it will take to be decided.  Please be patient.  You can contact the Claims Administrator at any time for an update on the status of the case or the settlement.  It is your responsibility to make sure the Claims Administrator has your current mailing address.

**J.      Does the settlement fund include any other payments?**

Yes.  Plaintiff's attorneys will ask the Court to approve payment for their attorneys' fees of up to Sixty-One Thousand Thirty-One Dollars and Forty-Nine Cents ($61,031.49), and costs in the amount of Twelve Thousand Six Hundred Thirty-Six Dollars and Forty Cents ($12,636.40), a Service Award of up to Seven Thousand Three Hundred Twenty-Three Dollars and Eighty Cents ($7,323.80) to Plaintiff John Sealock, and claims administration fees totaling Fourteen Thousand Six Hundred Forty-Seven Dollars and Sixty-Two Cents ($14,647.62) to Arden Claims Service LLC.  Those amounts will also come from the Gross Settlement Amount.

**K.      How do I exclude myself from the settlement?**

If you wish to exclude yourself (or "opt out") from this Lawsuit and not be bound by the settlement, you must submit to the Claims Administrator a written Opt-out Statement that includes your name, address, and telephone number, and a statement indicating your intention to exclude yourself from the settlement, such as "I opt out of the Covance wage and hour settlement."  The Opt-out Statement must specifically refer to the "Sealock v. Covance Settlement" and be sent to the Claims Administrator, Arden Claims Service LLC, PO Box 1015, Port Washington, New York 11050.  You may also fax your Opt-out Statement to the Claims Administrator at 516-888-3501 or email your Opt-out Statement to the Claims Administrator at info@ardenclaims.com.  You must send your Opt-out Statement to the Claims Administrator, and it must be postmarked or received by the Claims Administrator by on or before **January 9, 2020**.

If you exclude yourself, you will not receive any money from this settlement.  You will not release any claims asserted in the Lawsuit, and you will not be legally bound by anything that happens in the Lawsuit.  You may, however, pursue your own lawsuit based on the same claims as those settled in this Lawsuit.  To do so, you must file a separate lawsuit in the appropriate state alleging your own individual claims within ninety (90) days of the Court's final order approving this settlement to not be potentially adversely impacted by the statute of limitations.  If you do request to exclude yourself, you are urged to contact the Settlement Claims Administrator Toll-Free at 877-623-2703 to get information as to the exact date of the order.

**L.      If I do not exclude myself, can I sue Defendant for the same thing later?**

If you do not exclude yourself, you cannot bring a new lawsuit against the Defendant under the FLSA, or any other state or local statute, rule, or ordinance governing the payment of wages.

**M.      When and where will the Court decide whether to approve the settlement?**

It is not possible to predict when the Court will approve the settlement and enter an order.  However, you may contact the Settlement Claims Administrator Toll-Free at 877-623-2703, or Borrelli & Associates, P.L.L.C. at (516) 248-5550 to get an update on the status of the matter, or search the public docket for any Court decisions on this matter, using case number 17-cv-5857.

**N.     Can Defendant retaliate against me for participating in the settlement?**

No.  Defendant has voluntarily agreed to enter into this proposed settlement.  The FLSA prohibits Defendant, or anyone acting on its behalf, from firing you or otherwise retaliating against you because you have participated in this settlement.

**O.     Can I participate in the settlement regardless of my immigration status?**

Yes.  You have a right to participate in this settlement regardless of your immigration status.

**P.     Where can I get more information about the settlement?**

The above is a summary of the basic terms of the settlement.  For the precise terms and conditions of the settlement, you may contact the Settlement Claims Administrator Toll-Free at 877-623-2703, or write to Arden Claims Service LLC, PO Box 1015, Port Washington, New York 11050, or Plaintiff's counsel, Michael J. Borrelli, Esq. of Borrelli & Associates at 516-248-5550.

**Please contact the Claims Administrator at 877-623-2703, AND NOT THE COURT, if you have questions regarding this Notice.**

Form **W-9**
(Rev. October 2018)
Department of the Treasury
Internal Revenue Service

# Request for Taxpayer
# Identification Number and Certification

▶ Go to *www.irs.gov/FormW9* for instructions and the latest information.

**Give Form to the requester. Do not send to the IRS.**

---

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

**2** Business name/disregarded entity name, if different from above

**3** Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only **one** of the following seven boxes.

☐ Individual/sole proprietor or single-member LLC    ☐ C Corporation    ☐ S Corporation    ☐ Partnership    ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶ _____

**Note:** Check the appropriate box in the line above for the tax classification of the single-member owner.  Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is **not** disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

☐ Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.) See instructions.

**6** City, state, and ZIP code

Requester's name and address (optional)

**7** List account number(s) here (optional)

*Print or type.*
*See Specific Instructions on page 3.*

---

## Part I     Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN*, later.

**Note:** If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

**Social security number**

☐☐☐ – ☐☐ – ☐☐☐☐

**or**

**Employer identification number**

☐☐ – ☐☐☐☐☐☐☐

---

## Part II     Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. citizen or other U.S. person (defined below); and

4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**    **Signature of U.S. person** ▶                          **Date** ▶

---

# General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See* What is backup withholding, *later.*

Cat. No. 10231X

Form **W-9** (Rev. 10-2018)

# Form W-4 (2019)

**Future developments.** For the latest information about any future developments related to Form W-4, such as legislation enacted after it was published, go to *www.irs.gov/FormW4*.

**Purpose.** Complete Form W-4 so that your employer can withhold the correct federal income tax from your pay. Consider completing a new Form W-4 each year and when your personal or financial situation changes.

**Exemption from withholding.** You may claim exemption from withholding for 2019 if **both** of the following apply.

• For 2018 you had a right to a refund of **all** federal income tax withheld because you had **no** tax liability, **and**

• For 2019 you expect a refund of **all** federal income tax withheld because you expect to have **no** tax liability.

If you're exempt, complete **only** lines 1, 2, 3, 4, and 7 and sign the form to validate it. Your exemption for 2019 expires February 17, 2020. See Pub. 505, Tax Withholding and Estimated Tax, to learn more about whether you qualify for exemption from withholding.

## General Instructions

If you aren't exempt, follow the rest of these instructions to determine the number of withholding allowances you should claim for withholding for 2019 and any additional amount of tax to have withheld. For regular wages, withholding must be based on allowances you claimed and may not be a flat amount or percentage of wages.

You can also use the calculator at *www.irs.gov/W4App* to determine your tax withholding more accurately. Consider using this calculator if you have a more complicated tax situation, such as if you have a working spouse, more than one job, or a large amount of nonwage income not subject to withholding outside of your job. After your Form W-4 takes effect, you can also use this calculator to see how the amount of tax you're having withheld compares to your projected total tax for 2019. If you use the calculator, you don't need to complete any of the worksheets for Form W-4.

Note that if you have too much tax withheld, you will receive a refund when you file your tax return. If you have too little tax withheld, you will owe tax when you file your tax return, and you might owe a penalty.

**Filers with multiple jobs or working spouses.** If you have more than one job at a time, or if you're married filing jointly and your spouse is also working, read all of the instructions including the instructions for the Two-Earners/Multiple Jobs Worksheet before beginning.

**Nonwage income.** If you have a large amount of nonwage income not subject to withholding, such as interest or dividends, consider making estimated tax payments using Form 1040-ES, Estimated Tax for Individuals. Otherwise, you might owe additional tax. Or, you can use the Deductions, Adjustments, and Additional Income Worksheet on page 3 or the calculator at *www.irs.gov/W4App* to make sure you have enough tax withheld from your paycheck. If you have pension or annuity income, see Pub. 505 or use the calculator at *www.irs.gov/W4App* to find out if you should adjust your withholding on Form W-4 or W-4P.

**Nonresident alien.** If you're a nonresident alien, see Notice 1392, Supplemental Form W-4 Instructions for Nonresident Aliens, before completing this form.

## Specific Instructions
### Personal Allowances Worksheet

Complete this worksheet on page 3 first to determine the number of withholding allowances to claim.

**Line C. *Head of household please note:*** Generally, you may claim head of household filing status on your tax return only if you're unmarried and pay more than 50% of the costs of keeping up a home for yourself and a qualifying individual. See Pub. 501 for more information about filing status.

**Line E. Child tax credit.** When you file your tax return, you may be eligible to claim a child tax credit for each of your eligible children. To qualify, the child must be under age 17 as of December 31, must be your dependent who lives with you for more than half the year, and must have a valid social security number. To learn more about this credit, see Pub. 972, Child Tax Credit. To reduce the tax withheld from your pay by taking this credit into account, follow the instructions on line E of the worksheet. On the worksheet you will be asked about your total income. For this purpose, total income includes all of your wages and other income, including income earned by a spouse if you are filing a joint return.

**Line F. Credit for other dependents.** When you file your tax return, you may be eligible to claim a credit for other dependents for whom a child tax credit can't be claimed, such as a qualifying child who doesn't meet the age or social security number requirement for the child tax credit, or a qualifying relative. To learn more about this credit, see Pub. 972. To reduce the tax withheld from your pay by taking this credit into account, follow the instructions on line F of the worksheet. On the worksheet you will be asked about your total income. For this purpose, total

--------------------------------------------------------------------------------

Separate here and give Form W-4 to your employer. Keep the worksheet(s) for your records. --------------------------------------------------------------------------------

| Form **W-4** | **Employee's Withholding Allowance Certificate** | OMB No. 1545-0074 |
|---|---|---|
| Department of the Treasury Internal Revenue Service | ▶ Whether you're entitled to claim a certain number of allowances or exemption from withholding is subject to review by the IRS. Your employer may be required to send a copy of this form to the IRS. | **2019** |

| 1 Your first name and middle initial | Last name | 2 Your social security number |
|---|---|---|

| Home address (number and street or rural route) | 3 ☐ Single  ☐ Married  ☐ Married, but withhold at higher Single rate. |
|---|---|
| | **Note:** If married filing separately, check "Married, but withhold at higher Single rate." |

| City or town, state, and ZIP code | 4 If your last name differs from that shown on your social security card, check here. You must call 800-772-1213 for a replacement card. ▶ ☐ |
|---|---|

| 5 | Total number of allowances you're claiming (from the applicable worksheet on the following pages) . . . | 5 | |
| 6 | Additional amount, if any, you want withheld from each paycheck . . . . . . . . . . . . . | 6 | $ |
| 7 | I claim exemption from withholding for 2019, and I certify that I meet **both** of the following conditions for exemption. | | |

• Last year I had a right to a refund of **all** federal income tax withheld because I had **no** tax liability, **and**

• This year I expect a refund of **all** federal income tax withheld because I expect to have **no** tax liability.

If you meet both conditions, write "Exempt" here . . . . . . . . . . . . . . . . . ▶ | 7 |

Under penalties of perjury, I declare that I have examined this certificate and, to the best of my knowledge and belief, it is true, correct, and complete.

Employee's signature
(This form is not valid unless you sign it.) ▶ _____   Date ▶ _____

| 8 Employer's name and address (**Employer:** Complete boxes 8 and 10 if sending to IRS and complete boxes 8, 9, and 10 if sending to State Directory of New Hires.) | 9 First date of employment | 10 Employer identification number (EIN) |
|---|---|---|

**For Privacy Act and Paperwork Reduction Act Notice, see page 4.**   Cat. No. 10220Q   Form **W-4** (2019)

# EXHIBIT 3

To: Arden Claims Service LLC

Date: 20Dec2019

Re: Sealock v. Covance, Inc., Case No. 1:17-cv-5857-JMF

I, Stephanie Denise (Kersch) Bailey, opt out of the Covance wage and hour settlement.

*20DEC2019*

Stephanie D. Bailey