UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN SEALOCK, on behalf of himself, individually, and on behalf of all others similarly-situated,

                     Plaintiff,

- against -

COVANCE, INC.,

                     Defendant.

Civil Action No. 17-cv-5857 (JMF)

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, SERVICE AWARD, AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND THE ENTRY OF FINAL JUDGMENT**

This matter having come before the Court, on consent of all parties, for a fairness hearing on March 13, ~~12,~~ 2020, pursuant to the Court's Order granting Plaintiffs' Omnibus Consent Motion for Approval of the FLSA Settlement, Preliminary Approval of the New York Class Action Settlement, Certification of a Rule 23 Settlement Class, Appointment of Named Plaintiff as Class Representative, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Proposed Notice of Settlement and Class Action Settlement Procedure ("Preliminary Approval Motion") (Dkt. No. 276).  Upon due and adequate notice having been given to the Class Members as defined below, as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein to determine the fairness of and final approval of the parties' settlement on behalf of the Plaintiff and Opt-in Plaintiffs (together as "FLSA Plaintiffs") and the Rule 23 New York class action Plaintiffs ("Rule 23 Plaintiffs," and together with the FLSA Plaintiffs as "Class Members") (hereinafter referred to as the "Settlement"), and otherwise being fully informed and for good cause shown, the Court finds that the Settlement reached by the parties is fair, reasonable, adequate, and in the best interests of the FLSA Plaintiffs and the Rule 23

1

Plaintiffs as defined in the Court's Preliminary Approval Order, and satisfies all requirements of Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3), as well as Section 216(b) of the Fair Labor Standards Act ("FLSA").

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Order GRANTING the Consent Motion for Final Approval of Class and Collective Action Settlement, Service Award, an Award of Attorneys' Fees and Expenses, and the Entry of Final Judgment, incorporates by reference the definitions in the Settlement Agreement and all exhibits, addendums, stipulations, and schedules thereto.

2. This Court has subject matter jurisdiction over this litigation and all members of the Federal and New York classes.

3. After consideration of the evidence, the Court finds that the mailing and distribution of the Notice of Collective Action Settlement and Notice of Class Action Settlement (together as the "Notices"), constituted the best notice practicable under the circumstances, and that such Notices, including individual notice to Class Members whose mailing addresses and other contact information were identified through reasonable effort, constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

4. On behalf of the FLSA Plaintiffs and Rule 23 Plaintiffs, this Court hereby approves the Settlement, finds that it is, in all respects, fair, reasonable, adequate, and in the best interest of Class Members, and with respect to the Rule 23 Plaintiffs satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), and with respect to the FLSA Plaintiffs satisfies *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d

199 (2d Cir. 2015) and those factors identified in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Court directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Preliminary Approval Order and Orders all Parties to take the necessary steps to effectuate Settlement.

5. The Court has previously certified and now grants in light of the date of entry of the Preliminary Approval Order, final certification to the following two Settlement Classes:

    (a) all individuals who worked as CRAs in New York at any time between August 3, 2011 through October 8, 2019; and

    (b) all individuals who worked as CRAs in New York at any time between August 3, 2014 through October 8, 2019 and who participated in the Rule 23 Settlement by not requesting to exclude themselves and who cash a settlement check.

6. The Court hereby makes the following findings of fact:

    (a) Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts, and relevant documents. During the prosecution of the litigation, Class Counsel and Defendant's counsel undertook meaningful and sufficient investigation and the parties exchanged sufficient and adequate discovery to fully and fairly evaluate the claims and defenses asserted by the parties, and to make an informed decision about the Settlement.

    (b) The distribution of the Settlement is fair, reasonable, and equitable.

    (c) The Settlement provides for two separate settlement funds to satisfy the claims of the Class Members. The gross settlement fund of $183,095.20

will be allocated to the FLSA Plaintiffs, of which a net settlement fund of $76,455.88 will be distributed to those that did not opt out of the Settlement. The gross settlement fund of $66,904.80 will be allocated to the Rule 23 Plaintiffs, of which a net settlement fund of $29,557.25 will be distributed.

(d) Recovery for the FLSA Plaintiffs will be based on whether the FLSA Plaintiff was designated as a Highly Compensated Employee based on Defendant's records. If the FLSA Plaintiff qualified as a HCE employee as detailed in the FLSA Notice, that FLSA Plaintiff shall receive $200.00. For all other FLSA Plaintiffs, the individual settlement payments received shall be based upon the following formula:

$$\$76{,}455.88 \times \frac{Individual\ Non-HCE\ FLSA\ Plaintiff's\ Point\ Value}{Combined\ Non-HCE\ FLSA\ Plaintiffs'\ Total\ Points} = Individual\ Settlement\ Payment$$

(e) Recovery for the Rule 23 Plaintiffs will be based on whether the Rule 23 Plaintiff was designated as a Highly Compensated Employee based on Defendant's records. If the Rule 23 Plaintiff qualified as an HCE employee as detailed in the Rule 23 Notice, that Rule 23 Plaintiff shall receive $200.00. For all other Rule 23 Plaintiffs, the individual settlement payments received shall be based upon the following formula:

$$\$29{,}557.25 \times \frac{Individual\ Non-HCE\ Rule\ 23\ Plaintiff's\ Point\ Value}{Combined\ Non-HCE\ Rule\ 23\ Plaintiffs'\ Total\ Points} = Individual\ Settlement\ Payment$$

(f) The Settlement provides for a service award to the named-Plaintiff John Sealock in the amount of $10,000.00.

(g) The Settlement also provides for a payment of $83,333.00, or the equivalent of 33.33% of the total Settlement Fund as attorneys' fees, plus $17,253.86

for Class Counsel's out-of-pocket expenses, totaling $100,586.86, to be paid to Class Counsel.

(h) Class Administrator fees are to be paid to Arden Claims Service, LLC ("Arden") in the amount of $20,000.00.

(i) Given the disputed issues of fact and law and the risks to the Class Members, and the further delay that would be caused by continued litigation, including potential trial, and the subsequent appeal of any judgment after trial, the Settlement if fair, reasonable, and in the best interests of the Class Members.

(j) Considering the factual and legal issues in dispute, anticipated motion practice, the possibility of trials and appeals, and the expected duration of litigation, the terms and amount offered in the Settlement are favorable.

(k) Class Counsel has extensive experience in wage and hour collective and class action litigation and Class Counsel is therefore well equipped to have negotiated a fair settlement for the FLSA Plaintiffs and the Rule 23 Plaintiffs. Class Counsel's opinion merits great weight both because of Class Counsel's familiarity with the litigation and because of their extensive experience in similar actions. Defendant's counsel, likewise, has substantial experience in this area and also agrees that the Settlement is fair and reasonable.

(l) All counsel represented the interests of their clients vigorously and devoted a considerable amount of time, effort, and resources to secure the terms of

the Settlement, including the plan of allocation and distribution to ensure a fair, adequate, and equitable distribution.

(m) Stephanie Denise Bailey, who formerly opted-in to the action as an FLSA Plaintiff, timely filed a valid request for exclusion form opting out of the settlement.

7. Based on those findings of fact, the Court hereby ORDERS as follows:

(a) The terms and provisions of the Settlement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, and in full compliance with all applicable due process requirements. The Parties are hereby directed to comply with the terms of the Settlement and this Order and Final Judgment. Arden is hereby directed to distribute payments to the 170 participating Class Members in accordance with the terms of the Settlement.

(b) The Settlement is hereby approved as fair and reasonable. The allocation and distribution as set forth in the Settlement are final.

(c) Neither the Settlement, nor any of its provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission by any party of the truth of any allegations in this action, or of any liability, fault, or wrongdoing of any kind.

(d) The named-Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs, with the exception of Stephanie Denise Bailey, who opted out of the Settlement, shall be bound by all of the terms, obligations, and conditions of the Settlement, including but not limited to the release of claims set forth

therein, and all determinations and judgments in this action concerning the Settlement.

(e) All Class Members, including the named-Plaintiff and Opt-in Plaintiffs, with the exception of Stephanie Denise Bailey, hereby release Defendant from New York Labor Law wage and hour claims that were asserted or could have been asserted in this lawsuit.

(f) The named-Plaintiff and Opt-in Plaintiffs, with the exception of Stephanie Denise Bailey, hereby release Defendant from FLSA wage and hour claims that were asserted or could have been asserted in this lawsuit.

(g) Rule 23 Plaintiffs who cash their settlement checks will thereby release Defendant from FLSA wage and hour claims that were asserted or could have been asserted in this lawsuit.

(h) The named-Plaintiff, John Sealock, hereby additionally releases Defendant from any and all claims arising from his employment with Defendant in exchange for his service award;

(i) Having reviewed the appropriate case law, the request for Service Award is granted. Arden is hereby ordered to pay named-Plaintiff in the amount of $10,000, apportioned from the Settlement Funds as explained in the Notices.

(j) Having reviewed the appropriate case law and Class Counsel's billing records and having conducted a cross-check with Class Counsel's lodestar calculation, and with no objection from Defendant or any Class Member, the Court finds that Class Counsel's application for attorneys' fees in the

amount of $83,333.00, apportioned from the Settlement Funds as explained in the Notices, is fair and reasonable and is granted. Having reviewed Class Counsel's request for reimbursement of out-of-pocket expenses and accounting of all expenses, and with no objection by Defendant or any Class Member, Class Counsel's request for expenses in the amount of $17,253.86, apportioned from the Settlement Funds as explained in the Notices, is granted.

(k) Arden is to be paid $20,000.00 for its administration fees and costs from the Settlement Amount, apportioned from the Settlement Fund as explained in the Notices.

(l) Should any Class Members fail to cash their checks within 180 days of distribution, Arden shall redistribute the amount in uncashed checks to those Class Members who cashed their checks within twenty days, after deducting their costs from the redistribution of settlement. Should Arden's costs exceed the amount in uncashed checks, the amount shall be returned to Defendant.

(m) All claims against Defendant in this action are dismissed with prejudice and the Clerk is directed to close this case, but the Court shall retain exclusive and continuing jurisdiction over the construction, interpretation, implementation, and enforcement over the Parties' Settlement and over the administration and distribution of the Settlement Fund.

8. Final Judgment is hereby entered pursuant to Fed. R. Civ. P. 54 and Fed. R. Civ. P. 58 consistent with the terms of the Settlement Agreement.

9. The Clerk of Court is directed to terminate ECF No. 277 and to close this case.

**SO ORDERED**, this 13th day of March, 2020, New York, New York.

_____
The Honorable Jesse M. Furman, U.S.D.J.